DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT
This matter is before the court on the parties' cross motions for summary judgment. Briefs were filed in September, October, and November 2010, and the court heard oral argument November 22, 2010. Plaintiff was represented by Ernest Warren, Jr., Attorney at Law. Defendant was represented by John S. Thomas, Deputy County Counsel.
 I. STATEMENT OF FACTS
The parties agree to the following facts. Plaintiff timely filed applications for exemption for the 2009-10 tax year under the Non-Profit Corporation Low Income Housing program for the eight properties at issue: Accounts R116057, R116059, R155421, R186613, R204956, R295108, R297990, and R311464.[1] The applications were filed with the City of Portland (City), the governing body responsible for accepting and reviewing applications.
The City, at some point, determined that the subject properties were eligible for the exemption. The City did not notify Defendant that the subject properties qualified for exemption until after Defendant had certified the assessment and tax roll for the 2009-10 tax year. As a result, Defendant issued property tax statements imposing ad valorem property taxes on the subject properties. Plaintiff timely appealed the tax levy to this court, seeking abatement of the *Page 2 
taxes. (Ptf's Compl at 1.) Defendant would have exempted the properties from ad valorem taxation for the 2009-10 tax year if it had received notice from the City prior to certification of the rolls.
 II. ANALYSIS
The applicable statutory framework for the nonprofit corporation low income housing exemption lies in ORS 307.540 through ORS 307.548.[2]
The exemption is provided in ORS 307.541. There is no dispute that the subject properties meet the exemption qualifications in that statute. Under ORS 307.545, the corporation seeking exemption must make application on an annual basis. ORS 307.545(1). Unlike most ad valorem property tax exemption applications, which are made to the assessor, application for the low income housing exemption here at issue is made to the "governing body," which in this case is the City. ORS 307.545(1) (requiring "application for exemption [to be filed] with the "governing body'"), ORS 307.540(1) (defining "governing body" as "the city or county legislative body having jurisdiction over the property for which an exemption may be applied for under ORS 307.540 to 307.548."). As indicated above, the parties agree that the "governing body" in this case is the City. Plaintiff made timely application to the City for the 2009-10 tax year for the eight properties under appeal.
The problem developed during interactions between the City and Defendant. Under the applicable statute, the City determines whether a property qualifies for exemption and, if it determines the property does qualify, the City notifies Defendant, who then in turn exempts the property to the extent of the City's certification. *Page 3 
The relevant statute is ORS 307.547 as follows:
 "(1) Within 30 days of the filing of an application under ORS 307.545, the governing body shall determine whether the applicant qualifies for the exemption under ORS 307.541. If the governing body determines the applicant qualifies, the governing body shall certify to the assessor of the county where the real property is located that all or a portion of the property shall be exempt from taxation under the levy of the certifying governing body.
 "(2) Upon receipt of certification under subsection (1) of this section, the county assessor shall exempt the property from taxation to the extent certified by the governing body."
Plaintiff's argument, in a nutshell, is that the court has the authority to order a change to the assessment and tax rolls — in this case by granting the requested exemption — under the provisions of ORS 311.205(1)(d) and ORS 305.288(3). (Ptf's Resp at 2.) Plaintiff stressed that position during the November 22, 2010, oral argument. The court disagrees, as explained below.
Plaintiff notes in its initial Memorandum in support of its Motion that the properties were eligible for exemption, that Plaintiff timely applied for the exemptions, and that the City certified all the disputed properties as eligible for exemption. (Ptf's Memo at 2-3.) Plaintiff further argues that ORS 307.547 does not impose any time limit on the "governing body" for the certification to the assessor. (Id. at 3.) Plaintiff at least implies that a favorable determination by the City on an application for exemption requires the City to certify the property, and that Defendant must then exempt the property regardless of when the certification notice is transmitted to Defendant. (Id.) Plaintiff contends that Defendant acted without authority when it denied the exemptions because Defendant "has no legal right to legislate for a municipal corporation * * * on any subject that is within the scope of powers granted to that municipal corporation[.]" (Id.) Plaintiff concludes by insisting "the just and equitable result is [for the court] to order defendant to allow all of the exemptions to plaintiff's properties." (Id. at 5.) *Page 4 
Defendant disagrees that relief can be afforded under ORS 311.205. Defendant notes that its authority under that statute "is very limited." (Def's Partial Mot for Summ J at 3.) Specifically, Defendant argues that relief under ORS 311.205 requires that the error be "`in the ad valorem tax records of the assessor' resulting in a "failure [of the roll] to correctly reflect the ad valorem tax records of the assessor[,]'" and that if the error had been discovered prior to certification of the roll it "would have been corrected as a matter of course," and that "`the information necessary to make the correction is contained in [the assessor's] records.'" (Id. at 3-4.)
As for Plaintiff's assertions about the exemption provisions, Defendant "agrees that ORS 307.547 does not set any time by which the governing body certification must be provided to the assessor." (Id. at 4.) However, Defendant insists that the "statute does not operate in a vacuum." (Id.) The court agrees.
Under ORS 311.105, Defendant is required to certify the roll and, under ORS 311.115, Defendant must "deliver the roll to the tax collector each year at such time as the assessor and tax collector agree is necessary to enable the mailing of tax statements on or before October 25." At that point the "assessment roll" becomes the "tax roll." (Id.) Moreover, under ORS 308.242(1), the assessor is generally precluded from making any changes to the roll after September 25 each year.[3] By virtue of those statutes, the City faces an implied deadline each year for certifying to Defendant those properties determined to qualify for exemption under ORS 307.541. The City must act before September 25.
Moreover, given the April 1 annual deadline under ORS 307.545(1) for a corporation to make application for exemption, and the requirement in ORS 307.547(1) that the "governing *Page 5 
body" (i.e., the City) determine an applicant's qualification "[w]ithin 30 days" of the date the application is filed, it appears the legislature contemplated certification by the City (or other responsible governing body in a particular locale) sometime in May or June. The City clearly must act before Defendant's September 25 deadline for making changes to the rolls discussed above.
Support for the court's conclusion that there is an implied deadline for certification by the City can be found in a recently adopted administrative rule, OAR 150-307.547, which requires the governing body to certify the exemption to the assessor by August 1 (except where a corporation acquires the property after April 1 or before July 1, in which case certification is required by September 1).[4]
Although the exact date on which the City notified Defendant that the eight properties at issue in this appeal qualified for exemption is unknown, Plaintiff does not dispute that the City failed to certify the subject properties until after Defendant had certified the assessment and tax rolls. The court presumes certification came sometime after September 25, and likely after the tax statements were issued, because those statements were issued showing the properties were subject to taxation (i.e., not granted exemption). Accordingly, the court concludes the City did not timely certify the subject properties for exemption under ORS 307.541.
Turning to Plaintiff's contention that the court can order Defendant to grant the exemptions on the eight properties under ORS 311.205(1)(d) and ORS 305.288(3), the court does not read those statutes as Plaintiff contends.
To begin with, under ORS 311.205(1) and (1)(d), "the officer in charge of the roll" can only make changes "ordered by the tax court * * * under ORS 305.288 (1) to (6)[.]" (Mem in Supp of Ptf's Mot for Summ J at 4.) Plaintiff points the court to subsection (3) of *Page 6 
ORS 305.288 as providing the authority for the court to order the change in this case. However, ORS 305.288(3), commonly referred to as the "good and sufficient cause" provision, only authorizes the court to order changes or corrections to the assessment of a property where a taxpayer "has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal." That provision is inapplicable in this case because the taxpayer had a statutory right of appeal, and timely exercised that right. That being the case, the court cannot order a change to the assessment of the subject properties (i.e., grant exemption), and neither Defendant nor any other officer in charge of the roll can make changes under ORS 311.205 (1)(d).
The court finds it odd that there is no statutory mechanism for some form of relief for a corporation, with an otherwise qualifying low income housing property, that timely applies for the exemption but is ultimately denied because the applicable "governing body" fails to timely notify the county assessor in time for the exemption to be noted in the records of the assessor and reflected on the assessment and tax rolls. Nonetheless, the court cannot create a remedy where none exists but must instead operate within the bounds of the laws enacted by the legislature. In this case, the court is not aware of any legal authority allowing it to grant the exemption Plaintiff seeks in this case.
 III. CONCLUSION
The court concludes that Plaintiff's appeal for an exemption for the 2009-10 tax year for the eight properties at issue under ORS 307.540 to 307.548 must be denied because Defendant did not receive certification of the exemption from the City before Defendant's deadline for certifying the roll had passed and there is no statutory basis for Defendant to change the roll once it has been certified. Additionally, the court has no statutory authority under ORS 311.205(1)(d) or ORS 305.288(3) to order a change or correction to the roll granting exemption under the facts *Page 7 
of this case. Finally, the court is not aware of any other authority for granting Plaintiff the exemption it timely applied for and was apparently qualified to receive had the City timely certified to Defendant the eight properties entitled to exemption. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal for exemption for the 2009-10 tax year, for property identified as Accounts R1 16057, R116059, R155421, R186613, R204956, R295108, R297990, and R311464, is denied; and
IT IS FURTHER DECIDED that Plaintiffs appeal for exemption for the 2009-10 tax year, for property identified as Accounts R102521, R148679, R207479, R216759, R226528, R243950, R295408, R295422, R295407, and R295423, is dismissed.[5]
Dated this ___ day of February 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon February 18, 2011. The Court filed and entered this documenton February 18, 2011.
[1] Defendant's Motion for Partial Summary Judgment specifies these accounts and states in footnote 1 that "[t]he parties have resolved all issues with respect to the other properties under appeal in this proceeding."
[2] References to the Oregon Revised Statutes (ORS) are to 2007.
[3] The exceptions in subsections (2) and (3) of ORS 308.242 authorizing the assessor to make changes after September 25 are inapplicable in this case.
[4] The effective date of the newly adopted rule is January 1, 2010.
[5] The parties did not submit any documentation regarding settlement. *Page 1